IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Kenneth Weston, | Case No. 4:12 CV 1756 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Warden Fairley, | |
| Respondent. | |

### INTRODUCTION

*Pro se* Petitioner Kenneth Weston filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner, who is incarcerated in the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), names Warden Fairley [sic], or the sitting warden at F.C.I. Elkton, as Respondent. Petitioner asserts Respondent violated his rights during a disciplinary hearing, and requests an order from this Court expunging his disciplinary record and restoring Good Conduct Time ("GCT") credits forfeited as a sanction. For the reasons set forth below, the Petition is denied.

### BACKGROUND

In 2007, Petitioner was indicted in the United States District Court for the District of South Carolina. *See United States v. Weston,* No. 2:07-cr-1134 (D.S.C. 2007). He pled guilty to four felony counts and was sentenced on March 23, 2009 to serve a total term of 147 months in prison.

Petitioner states that on November 13, 2011, a staff officer at F.C.I. Elkton performed a "shakedown" of Petitioner's cell. The officer searched under Petitioner's locker and discovered a pencil in which three razor blades were inserted and secured with speaker wire. The Operations

Lieutenant was notified and the weapon was confiscated. The following day, Petitioner was charged with possession, manufacture or introduction of a weapon, in violation of 28 C.F.R. § 541.3 tbl.1 (Offense Code 104). A copy of the Incident Report was provided to Petitioner on the same date the charge was filed, and Petitioner denied the charge.

A hearing before a disciplinary hearing officer ("DHO") was held on December 20, 2011, during which Petitioner was represented by his requested staff representative, Correctional Counselor Byerly. Petitioner requested another inmate testify at the hearing, but the DHO declined to call him because that inmate already provided live testimony during a December 1, 2011 hearing regarding the same incident. There, the other inmate testified he had no knowledge of the weapon the guard found, nor did he witness anyone placing a weapon in the cubicle. The DHO advised Petitioner he would rely on the inmate's prior live testimony and perform a follow-up clarifying interview if necessary.

During the hearing, the DHO reviewed the following evidence: (1) a photograph of the weapon; (2) the reporting officer's statement; (3) a memorandum from the officer to whom the weapon's discovery was reported; (4) the inmate witness' testimony; (5) a memorandum from the SIS Lieutenant who viewed the CCTV footage of Petitioner's assigned cubicle on the date of the incident; and (5) Petitioner's testimony. The SIS Lieutenant and DHO discussed the CCTV footage of Petitioner's cubicle area on November 13, 2011 and concluded the tape provided no relevant information. As a result, the tape was not preserved.

Based on the greater weight of evidence, the DHO found Petitioner committed the following prohibited act, in violation of Offense Code 104: "Possession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive, ammunition, or any

2

instrument used as a weapon." 28 C.F.R. § 541.3 tbl. 1. Petitioner was sanctioned with a $250 fine, the loss of 40 days GCT, 360 days of disciplinary segregation and the loss of 365 days of visitation privileges. He received a copy of the DHO's decision on December 29, 2011, which notified him of his right to appeal within twenty days.

Petitioner appealed to Regional Director J.L. Norwood on January 9, 2012. He argued: (1) he was denied documentation of DNA results and fingerprints from the weapon; (2) a staff representative should not have been permitted to sit in the hearing during deliberations; (3) he should not be responsible for items found in a common area; (4) staff should have searched his cell before he moved in; and (5) the video footage should have been retained for one year.

Norwood denied his appeal. He referred Petitioner to the BOP Policy that holds all inmates responsible for keeping their areas free of contraband. Noting that the balance of Petitioner's arguments were not raised during the hearing, Norwood added his claims lacked merit. He noted the DHO did not believe it was necessary to introduce the tape as evidence because the footage was not used to establish Petitioner's culpability. He also noted there is no BOP policy requiring DNA or fingerprint analysis to establish an inmate committed a non-criminal prohibited act.

Petitioner attaches the appeal he filed to the General Counsel on March 5, 2012. He argues his due process rights were violated because no fingerprint or DNA evidence was presented and his staff representative never received a copy of the CCTV footage.

**ANALYSIS**

*Exhaustion*

Federal prisoners are required to exhaust administrative remedies before filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir.

3

1981). Here, Petitioner appears to have exhausted his administrative remedies as defined by the BOP's Administrative Remedy Program. 28 C.F.R. § 542.10 *et seq*.

## *Standard of Review*

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner proceeds *pro se*, the allegations set forth in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face).

## *Alleged Due Process Violations*

Petitioner argues his due process rights were violated because no DNA evidence was taken from and no fingerprint analysis was conducted on the weapon found under his locker. He further protests the destruction of the CCTV footage of his cell from the date the weapon was found. Finally, he claims his staff representative should not have been present during deliberations.

An inmate possesses a due process liberty interest in earned GCT because it affects the duration of the inmate's confinement. *See Sandin v. Conner*, 515 U.S. 472, 483 (1995). Because Petitioner was sanctioned with the loss of GCT, he is entitled to due process with respect to the proceedings resulting in the deprivation. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). A due

4

process violation in a prison misconduct proceeding that results in the loss of GCT may be remedied through a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The process due an inmate with regard to a disciplinary proceeding includes: (1) written notice of the charges at least twenty-four hours before a hearing to enable the inmate to prepare a defense; (2) opportunity to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety; and (3) a written explanation of the evidence relied on and reasons for disciplinary action. *Wolff*, 418 U.S. at 564–66. But prisoners who are lawfully committed to a penal institution are not entitled to the full panoply of rights in disciplinary hearings which would be due in criminal prosecutions. *Id.* at 556. A disciplinary decision will satisfy the requirements of procedural due process when there is "some evidence" to support the disciplinary decision by the fact finder. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–57 (1985).

Here, the record shows Petitioner received advance notice of the charges against him. While he was unable to have his requested witness present, the DHO accepted that witness' live testimony from an earlier hearing regarding the same incident. The DHO's findings were provided to Petitioner in a written explanation following the hearing. The writing explained the DHO's decision and the evidence relied on, including live testimony from Petitioner and his requested witness, written testimony from relevant officers regarding the weapon found under his locker, and a photograph of the weapon. It also noted that the videotape of Petitioner's cell would not be retained because it provided no relevant information. Further, Petitioner was informed of BOP's policy holding prisoners responsible for any contraband found in their area. Thus, the record contained sufficient evidence to support the disciplinary decision.

5

Separately, Petitioner takes issue with his staff representative's noncompliance with a memorandum explaining a staff representative's duties (Doc. 1 at 26). Paragraph eight of the memorandum states:

> You should not be present during deliberations by the DHO. An exception would be where you have read confidential information, and want to discuss that with the DHO outside the inmate's presence. In that case, you will have to explain to the inmate, in general terms, what you are doing, and you should leave the room as soon as that function is over.

Here, Petitioner's representative was present during the DHO's deliberations, but Petitioner alleges no injury stemming from the representative's presence. Though the representative should not have been present during deliberations, the sanction imposed by the DHO was supported by the requisite "some evidence." *Superintendent, Mass. Corr. Inst., Walpole*, 472 U.S. at 455–57. Accordingly, Petitioner's due process rights were not violated.

## CONCLUSION

For the foregoing reasons, the Petition is denied pursuant to 28 U.S.C. § 2243. This Court certifies that an appeal from this decision could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

                                              s/ *Jack Zouhary*
                                              JACK ZOUHARY
                                              U. S. DISTRICT JUDGE

March 5, 2013